UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD ANTHONY RICHARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4251** |
| **EDMOND KINLER, ET AL.** | **SECTION: "A"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Lloyd Anthony Richard, a state pretrial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Edmond Kinler and Kathy Bourgeois. In this lawsuit, plaintiff claims that he is being denied his federal constitutional right of access to the courts.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>     (1) is frivolous, malicious, or fails to state a claim upon which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Even broadly reading plaintiff's complaint,[2] the Court finds that, for the following reasons, the

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

complaint should nevertheless be dismissed as frivolous and for failing to state a claim on which relief may be granted.

On September 29, 2008, a Spears hearing was held in the instant case to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[3]  At that hearing, he was sworn and his testimony was recorded.  Based on his complaint and the Spears hearing testimony, the Court finds that plaintiff is making the following allegations in this civil action.

Plaintiff is currently detained pending trial on unspecified state criminal charges.  Since his first public defender, Jennifer Stokes, was replaced due to a conflict of interest, plaintiff has been represented on the criminal charges by public defender David Smith.  In this federal lawsuit, plaintiff is suing Edmond Kinler and Kathy Bourgeois, the clerk and deputy clerk of the state district court, because the state court has failed to consider a number of *pro se* motions plaintiff filed in those state criminal proceedings.  Even if that occurred, however, the defendants' actions or inactions simply do not rise to the level of a federal constitutional violation.[4]

---

[3] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

[4] In the complaint, plaintiff seemed to suggest that the defendants refused to *file* his *pro se* motions; however, at the Spears hearing, plaintiff indicated that the motions were filed but not adjudicated.  That discrepancy is of no moment here because, in either event, plaintiff's claims simply are not actionable for the reasons set forth in this opinion.

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). That right extends to pretrial detainees, such as plaintiff, as well as to convicted prisoners. See United States v. Moya-Gomez, 860 F.2d 706, 743 (7th Cir. 1988); Sosa v. Strain, Civ. Action No. 06-9040, 2007 WL 1521441, at *6 n.8 (E.D. La. May 22, 2007); Buckenburger v. Strain, Civ. Action No. 06-5670, 2006 WL 4503353, at *3 (E.D. La. Oct. 20, 2006); Kirkpatrick v. Daugherty, Civ. Action No. 6:05cv461, 2006 WL 2401108, at *4 (E.D. Tex. Aug. 17, 2006). However, a pretrial detainee's right of access to courts in his state criminal proceedings is normally satisfied by the appointment of counsel, and the United States Fifth Circuit Court of Appeals has made clear that a represented defendant generally has no right to file *pro se* motions:

> [T]he gravamen of the complaint is that the refusal to docket and hear pro se motions of criminal defendants who are already represented by counsel of itself deprives them of their constitutional right of access to the courts. We do not agree. As long as a criminal defendant is represented by counsel, he will be able to present matters for decision to the court through motions filed by his attorney. Therefore, in the absence of extraordinary circumstances, not alleged here, due process does not require that a criminal defendant be permitted to file every pro se motion he wishes to submit in addition to his attorney's motions.

Tarter v. Hury, 646 F.2d 1010, 1014 (5th Cir. 1981); see also Webb v. Scott, No. 99-50803, 2000 WL 959918, at *1 (5th Cir. June 13, 2000) ("A criminal defendant's right of access to the courts is not infringed if she is represented by counsel."); Ashcraft v. Cameron County, No. 97-41219, 1998 WL 611201, at *3 (5th Cir. Aug. 17, 1998) ("A criminal defendant cannot complain that he was denied access to the courts while represented by counsel."); Ford v. Foti, No. 94-30614, 1995 WL 241811, at *3 (5th Cir. Apr. 14, 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); Childs v. Scott, No. 94-

4

60723, 1995 WL 153057 (5th Cir. Mar. 22, 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts."); Webb v. Havins, No. 93-1452, 1994 WL 286151, at *3 (5th Cir. June 13, 1994); Crockett v. Carpenter, No. 93-1480, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994); Sosa, 2007 WL 1521441, at *6 n.8; Buckenburger, 2006 WL 4503353, at *3; Kirkpatrick, 2006 WL 2401108, at *4; Prather v. Anderson, No. Civ. A. H-05-2964, 2005 WL 2277528, at *2 (S.D. Tex. Aug. 31, 2005) ("It is well established ... that a criminal defendant has no constitutional right to hybrid representation .... Until [a represented defendant] requests and receives permission to proceed *pro se*, ... he has no right to file motions and pleadings with the court on his own behalf.").

Because plaintiff concedes that he has been and continues to be represented by appointed counsel in the state criminal proceedings, and because there is no indication that he has been deprived of an opportunity to present his relevant and nonfrivolous issues to state court through that counsel, his federal constitutional rights were not violated *even if* his *pro se* motions went unfiled or unadjudicated in the state court.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirtieth day of September, 2008.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**